**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>SHELLEY LYNN DUNKEL,<br><br>    Defendant - Appellant. | No. 13-30052<br><br>D.C. No. 2:12-cr-00012-EJL-2<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted December 6, 2013**
Seattle, Washington

Before: HAWKINS and TALLMAN, Circuit Judges, and WHYTE, Senior District
Judge.***

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    Pursuant to Fed. R. App. P. 34(a)(2)(c), the panel unanimously found this
matter appropriate for submission without oral argument.

\*\*\*    The Honorable Ronald M. Whyte, United States District Judge for the
Northern District of California, sitting by designation.

Defendant-Appellant Shelley Dunkel appeals her conviction of mail and wire fraud. We have jurisdiction pursuant to 28 U.S.C. § 1291. Dunkel raises three issues on appeal. First, she asserts there was insufficient evidence to support her conviction. Second, she argues that there was insufficient evidence to find the illegal actions of her co-defendant Michael Persky were reasonably foreseeable to her. Third, she argues that the district court abused its discretion by refusing to sever her trial from Persky's trial.

Taking all of the evidence in the light most favorable to the prosecution, a reasonable jury could have found that Dunkel aided and abetted Persky's mail and wire fraud. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). For example, a jury could reasonably have inferred from the facts that Dunkel assisted Persky by corroborating his story to the insurance agent of the theft of the Winnebago and by assisting Persky in substantiating his insurance claim.

Applying the same standard, a jury could also have found that Dunkel could have reasonably foreseen Persky's illegal actions. Not only that, the jury could reasonably have found that she knowingly participated in the illegal scheme.

Finally, the district court did not abuse its discretion by denying Dunkel's motion to sever her trial from Persky's trial. *See United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 823 (9th Cir. 1985). The district judge clearly instructed the

2

jury that it must give separate consideration to each defendant and that its finding as to one defendant should not control its verdict as to the other. Dunkel failed to show that joinder was so prejudicial that it compelled the district court to exercise its discretion to sever. *See United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).

**AFFIRMED.**